**THE WORK JUSTICE FIRM**
Brent P. Marlis, SB# 284654
 E-mail: brent@workjustice.com
Garen R. Nadir, SB# 285394
 E-mail: garen@workjustice.com
3530 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90010
Tel: 323.775.9000
Fax: 323.775.9000

Attorneys for Plaintiff,
EVA CHAVOLLA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA CHAVOLLA, an individual;<br><br>  Plaintiff,<br><br>  v.<br><br>DARLING INGREDIENTS; and DOES 1 through 50,<br><br>  Defendants. | Case No.: 2:25-cv-1031<br><br>(Removed from Stanislaus Superior Court Action, Case No. CV-25-001828)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO REMAND ACTION TO STATE COURT**<br><br>Date:   July 7, 2025<br>Time:   1:30 p.m.<br>Place:  Courtroom 4 |

- 1 -
PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT AND TO REMAND TO STATE COURT

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on July 7, 2025, at 1:30 p.m., or as soon thereafter as counsel may be heard, before the Honorable Dale A. Drozd, United States District Court Judge, in Courtroom 4 of the Robert T. Matsui United States Courthouse, located at 501 I Street, Sacramento, CA 95814, or by electronic means, Plaintiff Eva Chavolla, through her counsel, will respectfully move this Court:

    i.    for an Order granting leave to file a First Amended Complaint to add causes of action for Sex/Gender/Pregnancy Harassment; Associational Disability Discrimination; and FEHA Retaliation; and to add individual defendant Kevin Van Dewark pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; and,

    ii.    for an Order remanding this action to State Court on the basis that diversity is lacking pursuant to 28 U.S.C § 1447(e), as Plaintiff and proposed additional defendant Kevin Van Dewark is an individual residing in the state of California.

This Motion is based on this Notice of Motion, the Memorandum of Points and Authorities set forth herein, the declaration of Plaintiff's counsel, all concurrently filed and attached exhibits, all pleadings and documents on file, and upon such evidence and arguments as may come before the Court at the time of the hearing.

DATED: May 27, 2025                **THE WORK JUSTICE FIRM**

                                            By: */s/ Garen R. Nadir*
                                                 Brent P. Marlis, Esq.
                                                 Garen R. Nadir, Esq.
                                                 Attorneys for Plaintiff,
                                                 EVA CHAVOLLA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is an employment matter containing claims made under the California Fair Employment and Housing Act ("FEHA"). This action was filed in Stanislaus Superior Court on February 13, 2025. Defendant removed this action on diversity jurisdiction grounds. Since the time of filing, Plaintiff's counsel has learned additional new facts and recognized that the original Complaint inadvertently omitted these facts that support certain new (yet related) causes of action, as well as naming Plaintiff's former manager as an individual defendant. Plaintiff's counsel therefore seeks leave to file a First Amended Complaint, a redlined copy of which is attached as Exhibit "A" to the Declaration of Garen R. Nadir, filed concurrently herewith.

### II. PROCEDURAL HISTORY & FACTUAL BACKGROUND

On February 13, 2025, Plaintiff filed this case against her former employer, Darling Ingredients, in Stanislaus Superior Court, case number CV-25-001828. Declaration of Garen Nadir ("Nadir Decl."), ¶ 2. In her Complaint, Plaintiff alleges, *inter alia*, that she was discriminated against based on her sex, gender, pregnancy, and disability (carpal tunnel).

On April 11, 2025, Defendant removed this action to Federal Court on the basis of diversity. *Id.* at ¶ 3.

After meeting and conferring with Defendant's counsel between May 14-16, 2025, Defendant filed a Motion to Compel Arbitration. *Id.* at ¶¶ 4-6.

By way of the instant motion, Plaintiff intends to amend the Complaint to add three causes of action for sex/gender/pregnancy harassment, associational disability discrimination, and retaliation, and, to amend the Complaint to add former manager, Kevin Van Dewark, a California resident, as an individual defendant, thus destroying

diversity. *Id.* at ¶¶ 7-8.

## III. RELEVANT LAW

### A. Amendment of Pleadings

Federal Rule 15(a)(2) allows amendment of pleadings "with…the court's leave" and instructs that "the court should freely give leave when justice so requires." FRCP 15(a)(2). This policy is "to be applied with extreme liberality" and should only be denied upon grounds of undue delay, prejudice, bad faith, or futility. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The district court has the discretion to decide whether to grant a plaintiff's leave to amend and, in its exercise of this discretion, applies Rule 15 to "facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Furthermore, when deciding whether to grant leave to amend, the district court should draw all inferences "in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

### B. Joinder & Destruction of Diversity Jurisdiction

When a party seeks leave to amend pleadings after an action has been removed from state court, 28 U.S.C. section 1447(e) ("Section 1447") states that "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." Under Section 1447 the district court has the discretion to decide whether to permit joinder of a party that will destroy diversity jurisdiction. *Palestini v. General Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000). District courts, in the exercise of their discretion, consider numerous factors, including whether: (1) the party being joined is necessary for adjudication; (2) plaintiff would

be barred by a statute of limitations from bringing claims against the new defendant in state court; (3) there has been unexplained delay in seeking joinder; (4) plaintiff's purpose in seeking joinder is dilatory; (5) the claims against the new defendant appear valid; and (6) denial of joinder will prejudice plaintiff. *IBC Aviation Servs. v. Compania Mexicana De Aviacion*, 125 Supp. 2d 1008, 1011 (N.D. Cal. 2000). A court need not consider all the issues, as any factor can be deciding, and no one of them is a necessary condition for joinder. *Negrete v. Meadowbrook Meat Co.*, 2012 U.S. Dist. LEXIS 9269 at *3 (C.D. Cal. 2012). This approach is consistent with "the express purposes of section 1447(e), as well as the liberal policy favoring amendment under Federal Rule of Civil Procedure 15." *Righetti v. Shell Oil Co.*, 711 F. Supp. 531, 535 (N.D. Cal. 1989).

### C. Remand

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction is presented when the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, i.e., "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed, and any doubt as to the appropriateness of removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If a case is improperly removed, the federal court must remand the action because it has no subject matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir.

2000) (internal citations omitted).

Under Federal Rule 15 and Section 1447, and considering judicial efficiency and public policy, the Court should permit Plaintiff to amend her complaint and remand this case back to state court.

## IV. ARGUMENT

### A. Plaintiff Satisfies All Necessary Factors Under Section 1447

#### 1. *Just Adjudication*

Denial of the motion to remand would be unjust as it deprives Plaintiff of the opportunity to adjudicate all her claims and recover all her potential damages. Further, it allows individual Kevin Van Dewark to escape liability for alleged sexual harassment. Individual Kevin Van Dewark can be properly named as a defendant for harassment. If denied, Plaintiff would either have to forego recovery or be forced to file a second lawsuit in state court against Mr. Van Dewark. Forcing Plaintiff to waive her claims and forego recovery or litigate against Defendants in two forums regarding claims based on the same factual circumstances, and against the same parties, would be a waste of judicial resources and risks inconsistent results. Thus, this factor weighs heavily in favor of granting Plaintiff's motion.

#### 2. *Statute of Limitations*

If allowed, Plaintiff will amend her complaint to allege that Kevin Van Dewark's alleged harassment occurred during Plaintiff's employment in 2024. In California, under AB-9, the statute of limitations for filing sexual harassment claims was recently expanded to three years. Similarly, Plaintiff's other FEHA-related claims for associational discrimination and retaliation likewise share a 3-year statute of limitations under AB-9. Plaintiff is well within the applicable statute of limitations for all the causes of action she seeks to add.

#### 3. *Timeliness*

Plaintiff filed her complaint in February 2025. This motion is timely given the

fact that Plaintiff's counsel—after further conversations with Plaintiff—only just learned the extent of the damage of her former manager's harassing and discriminatory remarks. Nadir Decl. at ¶¶ 7-8; Exhibit "A." Had the full extent of Plaintiff's claims against Mr. Van Dewark been known prior to the initial Complaint filing, Plaintiff would have included said allegations without reservation. Thus, this factor weighs in favor of granting Plaintiff's motion.

### 4. Motive for Joinder

Improper motive cannot be implied simply because a plaintiff seeks to add a non-diverse defendant post-removal. *See IBC Aviation Servs.*, 125 Supp. 2d at 1012; *Righetti*, 711 F. Supp. at 535 (finding that the legislative history of § 1447(e) foreclosures part of defendant's argument that plaintiff's sole purpose in bringing motion for joinder is to effect a remand, since the express purpose of the section is to take advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal.). If this action was still in state court, Plaintiff would have simply "DOE'd-in" Mr. Van Dewark as a defendant. Plaintiff's desire to include Mr. Van Dewark in this action is justified.

### 5. Validity of Claims

Plaintiff alleges that Defendant Kevin Van Dewark engaged in harassing behavior based on Plaintiff's sex, gender, pregnancy, and based on Plaintiff's association with a mentally disabled child. As evidenced in Plaintiff's proposed First Amended Complaint, Mr. Van Dewark mistreated Plaintiff upon learning of her pregnancy and remarked something along the lines of, "You already have enough to deal with, to have another one [baby]." *See* Nadir Decl. ¶ 4, Exhibit "A" Proposed First Amended Complaint, ¶ 11. Further, Plaintiff was under the impression that her maternity leave was going to be problematic for Mr. Van Dewark and that she would likely face retaliation for engaging in protected activity. *See id.* at ¶ 13. Thus, this

- 7 -
PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT AND TO REMAND TO STATE COURT

factor weighs in favor of granting Plaintiff's motion.

### 6. Possible Prejudice

The parties are in the very early stages of litigation, and neither party has propounded discovery nor noticed depositions. Nadir Decl. at ¶ 9. A remand to state court at this stage of litigation poses no prejudice to any defendants. Rather, the prejudice to Plaintiff in denying this motion outweighs any speculative prejudice that Defendants could face. If Plaintiff is prevented from joining Kevin Van Dewark, she will have to choose between filing an action in state court involving the same facts and parties or foregoing her potential claims. As described above, this would entail a waste of judicial resources and risk inconsistent results. Thus, this factor weighs in favor of granting Plaintiff's motion.

### B. There is No Fraudulent Joinder

Defendants may argue that Plaintiff's allegations are insufficient to state a claim, thus, joinder of Defendant Van Dewark is fraudulent. Nevertheless, "weaknesses in the allegations do not suffice to support removal on the basis of fraudulent joinder." *Guzman v. XPO Logistics Freight, Inc.*, No. CV 20-1460-MWF, 2020 WL 5983924, at *5 (C.D. Cal. Jul. 17, 2020).

Even accepting Defendants' anticipated arguments as true that the proposed First Amended Complaint falls short of stating claims, this problem could be remedied on amendment if Plaintiff were to allege additional specifics about Mr. Van Dewark's remarks, or secure declarations from former coworkers. *See Grancare, LLC*, 889 F.3d at 552 ("Because [the diverse defendant's] arguments go to the sufficiency of the complaint, rather than to the possible viability of the [plaintiff's claims against the non-diverse defendant], they do not establish fraudulent joinder."); *Chavez v. Schlumberger Tech. Corp.*, No. CV 21-4817-MWF (MARx), 2021 WL 3403741 (C.D. Cal. Aug. 4, 2021).

The burden placed on Defendants to show fraudulent joinder is heavy; Plaintiff

- 8 -

need only show the possibility of stating a claim against Mr. Van Dewark on "*any theory.*" *See Grancare, LLC*, 889 F.3d at 548 (emphasis added). "The burden of proving a fraudulent joinder is a **heavy** one. The removing party must prove that there is **absolutely no possibility** that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been **outright fraud** in the plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess Corp.*, (5th Cir. 1983) 707 F2d 201, 205 (emphasis added).

It does not have to be shown that the joinder was for the purpose of preventing removal. Rather, the question is simply whether there is any possibility that plaintiff will be able to establish liability against the party in question. *Dodson v. Spiliada Maritime Corp.*, (5th Cir. 1992) 951 F.2d 40, 42; *Ritchey v. Upjohn Drug Co.*, (9th Cir. 1998) 139 F3d 1313, 1318-1319; *Hartley v. CSX Transp., Inc.*, (4th Cir. 1999) 187 F3d 422, 426 ("slight" possibility of recovery ends jurisdictional inquiry). In making its determination, the court resolves "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Dodson v. Spiliada Maritime Corp.*, (5th Cir. 1992) 951 F2d 40, 42-43 (even "tenuous proposition" under state law sufficient since its "modicum of sturdiness" passed possibility of recovery test); *Dutcher v. Matheson*, (10th Cir. 2013) 733 F3d 980, 989—no fraudulent joinder where attorney defendants failed to show absolute immunity for acts taken on behalf of clients; *see also Macey v. Allstate Prop. & Cas. Co.* (N.D. Cal 2002) 220 F.Supp.2d 1116, 1118 (citing text).

Because it is plainly permissible for Plaintiff to sue Mr. Van Dewark for sex/gender/pregnancy harassment, associational discrimination, and retaliation, the Court should be satisfied that even if the Complaint could not survive a Rule 12(b)(6) motion or demurrer, it is at least possible that Plaintiff could state her claims if granted leave to amend. *Chavez*, 2021 WL 3403741, *3. Accordingly, Plaintiff's motion to remand should be granted.

## V. CONCLUSION

For the reasons stated herein above, Plaintiff respectfully requests that the Court grant this motion and permit Plaintiff leave to amend and file a First Amended Complaint and to remand this action to State Court.

Accordingly, Defendant's pending Motion to Compel Arbitration (currently set to be heard on June 23, 2025) will be mooted given that The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") prohibits mandatory arbitration of cases involving sex harassment.

DATED: May 27, 2025                THE WORK JUSTICE FIRM

                                   By: /s/ Garen R. Nadir
                                       Brent P. Marlis, Esq.
                                       Garen R. Nadir, Esq.
                                       Attorneys for Plaintiff,
                                       EVA CHAVOLLA

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California; I am over the age of 18 years and not a party to the within action; my business address is: 3530 Wilshire Boulevard, Suite 1460, Los Angeles, California 90010.

On **May 27, 2025**, I served true copies of the following documents(s) described as:

1. **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND TO REMAND ACTION TO STATE COURT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION,** on the interested parties in this action to as stated below:

Elise G. Dvorochkin
Elise.Dvorochkin@jacksonlewis.com
Eric C. Bellafronto
Eric.Bellafronto@jacksonlewis.com
Leticia Cvietkovich
Leticia.Cvietkovich@jacksonlewis.com

Jackson Lewis P.C
160 W Santa Clara St.
Suite 400
San Jose, CA 95113

__X__   **BY EMAIL:** by electronic mail transmission to the email address(es) listed.

__X__   **(STATE)** I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **May 27, 2025,** at Los Angeles, California.

/s/ Yaneli Garcia
Yaneli Garcia

- 1 -
PROOF OF SERVICE