UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA CHAVOLLA,<br><br>Plaintiff,<br><br>v.<br><br>DARLING INGREDIENTS INC.,<br><br>Defendant. | No. 2:25-cv-01031-DAD-SCR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT<br><br>(Doc. No. 7) |

This matter is before the court on defendant's motion to compel arbitration, and plaintiff's motion for leave to file her first amended complaint and remand this action to Stanislaus County Superior Court. (Doc. Nos. 6, 7.) The pending motions were taken under submission on the papers on June 23, 2025. (Doc. No. 12.) For the reasons explained below, the court will grant plaintiff's motions to amend her complaint. The court intends to remand this case to the Stanislaus County Superior Court once plaintiff files her first amended complaint. The court will then deny defendant's motion to compel arbitration as having been rendered moot.

## BACKGROUND

On February 24, 2025, plaintiff filed a complaint initiating this action against her former employer, Darling Ingredients, Inc. ("defendant Darling") and unnamed defendants Does 1–50 in the Stanislaus County Superior Court. (Doc. No. 1-2 at 24.) On April 4, 2025, defendant Darling removed this action to this federal court pursuant to the court's diversity jurisdiction under 28

1

1    U.S.C. §§ 1332 and 1441.  (Doc. No 1 at 2.)  Defendant Darling and plaintiff agree that plaintiff

2    is a citizen of California and defendant Darling is a citizen of Delaware.  (Doc. Nos. 1 at ¶¶ 12–

3    16; 1-2 at ¶¶ 1–2.)  Defendant Darling alleges, and plaintiff does not dispute, that the amount in

4    controversy exceeds $75,000.  (Doc. Nos. 7; 1 at ¶¶ 17–39.)  In her currently operative complaint,

5    plaintiff alleges as follows.

6         Plaintiff began her employment with defendant Darling on September 16, 2019, as an

7    administrative assistant.  (Doc. No. 1-2 at ¶ 8.)  Plaintiff began experiencing pain in her hands,

8    back, and neck from carpal tunnel around April 2021, which she reported to her manager at work.

9    (*Id.* at ¶ 9.)  Plaintiff's symptoms worsened around March and April 2024, requiring her to take

10   breaks and do stretches.  (*Id.* at ¶ 10.)  Defendant Darling's management did not engage in an

11   interactive accommodation process with plaintiff.  (*Id.*)  Around May 2024, plaintiff informed her

12   supervisor, Ms. Mayra Pena, that she would be going on maternity leave early because her

13   symptoms had worsened.  (*Id.* at ¶ 11.)  Plaintiff began her maternity leave on June 3, 2024, and

14   was scheduled to return to work on October 14, 2024.  (*Id.* at ¶ 12.)  On July 31, 2024, plaintiff

15   was terminated via phone call with Ms. Pena, Mr. Kevin Van Dewark (the plant manager), and

16   Ms. Christina Singh (a human resources representative).  (*Id.* at ¶ 13.)  Plaintiff is informed and

17   believes that no other employee was terminated by defendant at this time.  (*Id.* at ¶ 14.)

18        Based on these allegations, plaintiff asserts the following causes of action: (1) sex, gender,

19   and pregnancy discrimination in violation of California Government Code § 12940(a), *et seq.*;

20   (2) disability discrimination in violation of California Government Code § 12940(a), *et seq.*;

21   (3) failure to investigate and prevent harassment, discrimination, and retaliation in violation of

22   California Government Code § 12940(k); (4) failure to engage in the interactive process in

23   violation of California Government Code § 12940(m); (5) violation of California Government

24   Code § 12945(a), pregnancy disability law; (6) interference with California Family Rights Act

25   ("CFRA") rights in violation of California Government Code § 12945.2(t); (7) retaliation in

26   violation of CFRA, California Government Code § 12945.2; (8) failure to pay all wages due upon

27   termination in violation of California Labor Code § 203; (9) unfair business practices in violation

28   /////

1 of California Business and Professions Code § 17200, *et seq.*; and (10) wrongful termination in
2 violation of public policy.  (*Id.* at ¶¶ 16–93.)

3       In her proposed first amended complaint ("FAC"), plaintiff seeks to join California citizen
4 Kevin Van Dewark as a defendant in this action and to add the following factual allegations.

5       In 2024, while plaintiff was pregnant, Mr. Van Dewark, with knowledge that plaintiff's
6 eldest daughter suffers from a mental health disability, said something like, "'You already have
7 enough to deal with, to have another one [baby].'" (Doc. No. 2-1 at 9.)  When Ms. Pena asked
8 how long plaintiff was planning to be on leave, plaintiff replied whatever time was available to
9 her and inquired as to why Ms. Pena was asking.  (*Id.* at 10.)  Ms. Pena responded by saying
10 "Kevin wants to know," in a tone that made plaintiff feel as though plaintiff's time off work was a
11 problem for Mr. Van Dewark.  (*Id.*)  Plaintiff also clarifies that she went out on maternity leave
12 early due to her worsening carpal tunnel symptoms.  (*Id.* at 9.)

13       Plaintiff also seeks to add the following three causes of action against all of the named
14 defendants:  (1) sex, gender, and pregnancy harassment in violation of California Government
15 Code § 12940(a), *et seq.*; (2) associational disability discrimination in violation of California
16 Government Code § 12940(a), *et seq.*; and (3) retaliation in violation of California Government
17 Code § 12940(h).  (Doc. Nos. 7 at 2; 7-1 at 12–14, 17.)

18       On May 16, 2025, defendant Darling filed its motion to compel arbitration pursuant to the
19 Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, *et seq.*  (Doc. No. 6.)  On May 27, 2025, plaintiff
20 filed her motion for leave to amend her complaint and her motion to remand.  (Doc. No 7.)  On
21 May 30, 2025, plaintiff filed her opposition to defendant Darling's motion to compel arbitration.
22 (Doc. No. 9.)  On June 9, 2025, defendant Darling filed its reply thereto.  (Doc. No. 10.)  On June
23 10, 2025, defendant Darling filed its opposition to plaintiff's motion to amend and motion to
24 remand.  (Doc. No. 11.)  Plaintiff did not file a reply thereto.

25 <center>**LEGAL STANDARD**</center>

26       A suit filed in state court may be removed to federal court if the federal court would have
27 had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  Removal is proper when a case
28 originally filed in state court presents a federal question or where there is diversity of citizenship

<center>3</center>

1   among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331,
2   1332(a). An action may be removed to federal court on the basis of diversity jurisdiction only
3   where there is complete diversity of citizenship. *Hunter v. Phillip Morris USA*, 582 F.3d 1039,
4   1043 (9th Cir. 2009).
5       "If at any time before final judgment it appears that the district court lacks subject matter
6   jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly
7   construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to
8   the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th
9   Cir. 2004) (citation omitted); *see also Casola v. Dexcom, Inc.*, 98 F.4th 947, 954 (9th Cir. 2024);
10  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The
11  defendant bears the burden of establishing that removal is proper."). If there is any doubt as to
12  the right of removal, a federal court must reject jurisdiction and remand the case to state court.
13  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *see also Valdez*
14  *v. Allstate Ins. Co.*, 372 F.3d 1115, 1118 (9th Cir. 2004).

## DISCUSSION

    Defendant argues that because this case is subject to an arbitration agreement, the court lacks jurisdiction to decide plaintiff's motions to amend the complaint and remand, and that therefore, the court must first resolve defendant Darling's motion to compel arbitration. (Doc. No. 11 at 10.) The court disagrees.

> [T]he FAA . . . does not confer federal jurisdiction, but rather requires an "independent jurisdictional basis." *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008). In order for a court to adjudicate an FAA claim, then, it must have proper jurisdiction over the conflict even assuming the parties had never entered into an agreement to arbitrate.

*Countrywide Home Loans, Inc., v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 854 (9th Cir. 2011). Other district courts have first considered motions to amend prior to addressing motions to compel arbitration. *See Farwana v. Tesla, Inc.*, No. 24-cv-07518-BLF, 2025 WL 1107271, at *3 (N.D. Cal. Apr. 14, 2025) ("The authorities cited by the parties do not require consideration of the pending motions in any particular order. In similar circumstances, other courts in this circuit have

elected to consider the plaintiff's motion for leave to amend before the defendant's motion to compel arbitration.") (collecting cases). This court follows suit and will first consider plaintiff's motion to amend the complaint and remand the case prior to considering defendant Darling's motion to compel arbitration.

**A.     Motion to File First Amended Complaint**

Plaintiff requests leave to amend pursuant to Federal Rule of Civil Procedure 15(a) so that she may join Mr. Van Dewark as a defendant and add three new causes of action. (Doc. No. 7 at 2, 6.) Plaintiff states in her motion to amend and remand that Mr. Van Dewark is a California resident, and that his joinder as a defendant would destroy diversity. (Doc. No. 7 at 2–3.) Defendant does not dispute Mr. Van Dewark's residency but argues the court should not allow amendment because plaintiff has not proposed to state valid claims against him, her motive for amendment is solely to defeat this court's diversity jurisdiction, and allowing amendment would result in prejudice to defendant Darling. (Doc. No. 11 at 11.)

There has been some disagreement among district courts regarding whether amendment to add a nondiverse defendant is governed by Rule 15(a), which generally governs motions for leave to amend, or by 28 U.S.C. § 1447(e), which specifically concerns joinder of a non-diverse defendant following removal. *See, e.g., McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014) (stating that "[t]here is a split in authorities" and collecting cases that similarly refer to a split of authority). This court has previously chosen to analyze amendment of claims to add a non-diverse defendant under § 1447(e) as it "permits courts to determine whether any amendment as of right to add non-diverse defendants is intended to destroy diversity jurisdiction or otherwise thwart federal jurisdiction and allows courts to consider the full context of the attempted joinder of a non-diverse defendant." *Reyes v. FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *3 n.1 (E.D. Cal. Dec. 8, 2020); *see also Crippen v. Int'l Paper Co.*, No. 2:23-cv-01107-DAD-CKD, 2024 WL 1181367, at *3 (E.D. Cal. Mar. 19, 2024). For these same reasons, the court again applies the § 1447(e) factors.

According to § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit

5

joinder and remand the action to the State court." 28 U.S.C. § 1447(e).  Whether to permit joinder of a party that will destroy diversity remains in the sound discretion of the court after consideration of six factors:

> (1) [W]hether the party to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been an unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Macut by & through Mebane v. Wabash Nat'l Corp.*, No. 1:22-cv-00231-JLT-CDB, 2022 WL 17752116, at *2 (E.D. Cal. Dec. 19, 2022) (citations omitted).

        1.      <u>Need for Joinder under Rule 19(a)</u>

In determining whether to permit joinder of a non-diverse party after removal, the court considers whether the added party would meet Rule 19's standard for a necessary party. *Jones v. Thyssenkrupp Elevator*, No. 05-cv-03539-EMC, 2005 WL 8177458, at *17 n.5 (N.D. Cal. Dec. 22, 2005).  A proper party for joinder under Rule 19(a) is one "having an interest in the controversy, and who ought to be made a party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it."  *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *CP Natl. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir.1991)).  Courts have held that this factor favors joinder and remand "when failure to join will lead to separate and redundant actions," but not when "defendants are only tangentially related to the cause of action or would not prevent complete relief." *Boon v. Allstate Co.*, 229 F. Supp. 2d 1016, 1022 (C.D. Cal. 2002).

Plaintiff's factual allegations in her proposed FAC address events which purportedly occurred for the most part in 2024, when Mr. Van Dewark was the plant manager where plaintiff was employed.  (Doc. No. 7-1 at 9–10.)  Mr. Van Dewark was allegedly present during the phone call during which plaintiff was terminated, and he was directly involved in the acts giving rise to plaintiff's claims.  (*Id.*)  Based on these allegations, Mr. Van Dewark is more than tangentially

6

related to plaintiff's claims. *See McCleney v. Wyndham Vacation Ownership, Inc.*, No. 2:22-cv-01927-FLA-SK, 2023 WL 4745741, at *4 (C.D. Cal. July 25, 2023) (finding this factor weighed in favor of joinder of a non-diverse human resources manager alleged to have been involved in the plaintiff's termination).

Defendant argues that Mr. Van Dewark is not a necessary party because defendant Darling is liable for his individual actions under the doctrine of *respondeat superior*. (Doc. No. 11 at 18–19.) In her original complaint and her proposed FAC, plaintiff seeks judgement against defendants for "punitive and exemplary damages, according to proof." (Doc. No. 7-1 at 24.)

> Punitive damages are available for violations of FEHA "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a); *Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211, 215 (1982). As is the case here, where the defendant is a corporate employer, the "authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." Cal. Civ. Code § 3294(b). In passing this section as written, "[t]he drafters' goals were to avoid imposing punitive damages on employers who were merely negligent or reckless and to distinguish ordinary respondeat superior liability from corporate liability for punitive damages." *White v. Ultramar, Inc.*, 21 Cal. 4th 563, 572 (1999).

*Mewborn v. Abbott Laboratories*, No. 18-cv-08732-DSF-PLA, 2021 WL 4622396, at *14 (C.D. Cal. June 8, 2021). Given the additional proof required for plaintiff to recover punitive damages, plaintiff may not be able to receive a full recovery if Mr. Van Dewark is not joined as a defendant. *See Li v. Wells Fargo Bank, N.A.*, No. 24-cv-04577-JSC, 2024 WL 5191976, at *4 (N.D. Cal. Dec. 20, 2024) (holding that plaintiff may not be able to make full recovery unless she joined the non-diverse defendant in part because she was requesting punitive damages).

Consideration of this factor weighs in favor of permitting the joinder of Mr. Van Dewark as he is more than tangentially related to the case, and he may be necessary for plaintiff to fully recover.

2. <u>Whether the Statute of Limitations Would Preclude a New Action in State Court</u>

As for the second factor, joinder is favored if plaintiff would be time-barred from bringing a new action against Mr. Van Dewark. *See Rosas v. NFI Indus.*, No. 2:21-cv-00046-WBS-CKD, 2021 WL 1264921, at *3 (E.D. Cal. Apr. 6, 2021) (finding that this factor weighed against joinder

7

because plaintiff was "well within the three-year statute of limitations" for FEHA claims). Plaintiff concedes that the statute of limitations for her claims is three years, and that she is well within the applicable timeframe because the alleged harassment occurred in 2024. (Doc. No. 7 at 8.) This factor therefore weighs against permitting the joinder of Mr. Van Dewark.

   3. <u>Timeliness of Joinder</u>

  Plaintiff filed her proposed FAC just over three months after filing her original complaint, and less than two months after the case was removed to federal court. (Doc. Nos. 1-2 at 24; 7.) Three months does not constitute a facially unreasonable period of delay. *See Boon*, 229 F. Supp. 2d at 1023. However, "under § 1447(e), [the] court has discretion to deny joinder of a party whose identity was ascertainable and thus could have been named in the first complaint." *Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-cv-01140-ODW, 2015 WL 3889289, at *5 (C.D. Cal. June 24, 2015) (internal citations and quotations omitted). Plaintiff identified Mr. Van Dewark and his position as plant manager in the allegations of her original complaint. (Doc. No. 1-2 at ¶ 13.) Further, the additional facts alleged in the proposed FAC were ascertainable at the time the original complaint was filed because they were within plaintiff's knowledge. (Doc. No. 7-1 at 3.)

  The court finds that consideration of this factor is neutral in the balance because the delay was reasonable, but Mr. Van Dewark's identity and involvement were known or should have been known at the time plaintiff's original complaint was filed. *Crippen*, 2024 WL 1181367, at *5 (finding this factor was neutral when the delay was three months but the plaintiff knew the identity of the non-diverse defendant from the outset of the case); *Viveros v. Ford Motor Co.*, No. 21-cv-00527-TWR-BGS, 2021 WL 5989365, at *5–6 (S.D. Cal. July 28, 2021) (finding this factor to be neutral when the FAC was filed 44 days after the original complaint, but plaintiff was aware of the identity of the non-diverse defendant from the outset); *Garcia v. Ford Motor Co.*, No. 2:24-cv-00563-KJM-SCR, 2025 WL 314072, at *3 (E.D. Cal. Jan. 28, 2025) (finding this factor was neutral when amendment occurred within six months of filing the original complaint but plaintiff could have pursued the negligent repair claim against the non-diverse defendant in the original pleading).

### 4. Whether Joinder is Intended Solely to Defeat Jurisdiction

For the fourth factor, the court evaluates the plaintiff's motive in seeking joinder of an additional defendant. *See IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980)). Courts "should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank*, 623 F.2d at 1376. "However, suspicion of amendment for the purpose of destroying diversity is not an important factor in this analysis, as section 1447(e) gives courts flexibility in determining how to handle addition of diversity-destroying defendants." *Dordoni v. FCA US LLC*, No. 5:20-cv-01475-JGB-SHK, 2020 WL 6082132, at *4 (C.D. Cal. Oct. 15, 2020) (citing *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (noting that "[t]he legislative history to § 1447(e) . . . suggests that it was intended to undermine the doctrine employed by some courts that amendments which destroyed diversity were to be viewed with suspicion")). Courts should "decline[] to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal." *IBC Aviation Servs.*, 125 F.Supp.2d at 1012. Therefore, to evaluate a plaintiff's motivation the court must not operate off suspicion and should instead consider factors such as the plaintiff's awareness of removal, the timing of adding the new defendant, the changes made to the original complaint, and the validity of the claims brought against the new defendant. *Baker*, 2022 WL 3142065, at *5–6.

As mentioned, in evaluating motive the court will first consider whether the plaintiff was "aware of the removal" at the time the plaintiff amended her complaint. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). Here, plaintiff was undoubtedly aware of removal as she filed her proposed FAC just under two months after defendant Darling removed this case. (Doc. Nos. 1; 7); *see Boon*, 229 F. Supp. 2d at 1024.

Next, as to timing, courts evaluating a plaintiff's motive for joinder may consider whether the plaintiff provided an explanation as to the delay in asserting claims against the new defendant. *See Chan v. Bucephalus Alternative Energy Grp., LLC*, No. 08-cv-04537-JW, 2009 WL 1108744, at *5 (N.D. Cal. Apr. 24, 2009) (finding this factor weighed in favor of joinder where the court

9

was persuaded by plaintiff's reason for not including the new defendant in her original complaint because she had only recently learned the new defendant was not a member of the original defendant energy group). Here, plaintiff's attorney Garen R. Nadir declares that he took this case over from an associate who is no longer with his firm, and that he learned of the facts giving rise to the three new causes of action after further discussing the timeline of events with plaintiff.[1] (Doc. No. 7-1 at 3.) While plaintiff had knowledge of Mr. Van Dewark's statements and actions when the original complaint was filed, her attorney's declaration provides some explanation for the delay in bringing the new claims against that defendant.

Next, in considering motive for joinder, "courts have inferred an improper motive where the plaintiff's proposed amended complaint contained only minor or insignificant changes to the original complaint." *Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, 2:16-cv-00949-CAS-KS, 2016 WL 3396925, at *4 (C.D. Cal. June 13, 2016). In other words, courts evaluate whether "the original and first amended complaints are substantially similar." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999) (noting that the FAC only added one sentence to the plaintiff's first cause of action, slightly altered the sixth cause of action, and contained descriptions of the new defendants). Here, plaintiff has alleged two new factual allegations, which she alleges give rise to three new causes action against defendants Darling, Inc. and Mr. Van Dewark. (Doc. Nos. 7 at 6–7, 7-1 at 9–17.) These are more than minor or insignificant changes to the complaint. *See Forward-Rossi*, 2016 WL 3396925, at *4 ("[P]laintiff seeks to add two additional claims that, while relying on many of the same facts, are conceptually distinct from her . . . existing claims.").

This factor weighs neutrally. Plaintiff had knowledge of the removal and provided a limited explanation for her delay in joinder. However, the changes in her proposed FAC suggest

---

[1] Defendant Darling contests this declaration by arguing that the same allegations were made by plaintiff's current attorney in her complaint filed with the Civil Rights Department ("CRD"). (Doc. No. 11 at 6.) While defendant Darling does not cite to any supporting documentation, the court presumes this argument references a complaint filed by another attorney in attorney Nadir's firm, attorney Brent P. Marlis. (Doc. No. 1-2 at 22–24.) That CRD complaint lists broad allegations of harassment, discrimination, and retaliation, which do not mention Mr. Van Dewark and, in the court's view, do not necessarily support defendant Darling's argument in this regard.

1 her motive is not solely to defeat diversity and, as discussed further below, plaintiff has at least
2 marginally stated a facially valid claim against Mr. Van Dewark. *See Serrano v. Garfield Beach*
3 *CVS, LLC*, No. 17-cv-00506-BRO-DTB, 2017 WL 8220439, at *4 (C.D. Cal. July 6, 2017)
4 (finding this factor neutral when the court could not definitively say the sole purpose of joining
5 the non-diverse defendant was to defeat diversity).

        5.      <u>Validity of Plaintiff's Claims Against the Non-Diverse Defendant</u>

7         The fifth factor asks whether the claims brought against the new defendant appear valid
8 and meritorious. *See Freeman v. Cardinal Health Pharmacy Servs., LLC*, No. 2:14-cv-01994-
9 JAM, 2015 WL 2006183, at *2–4 (E.D. Cal. May 1, 2015). "The existence of a facially
10 legitimate claim against the putative defendant weighs in favor of permitting joinder under
11 [§] 1447(e)." *Westberg v. FCA US LLC*, No. 1:18-cv-01509-BAM, 2019 WL 3500559, at *3
12 (E.D. Cal. Aug. 1, 2019) (internal citation and quotation marks omitted). "For the purposes of
13 joinder under § 1447(e), a plaintiff's claim need only be facially viable—the claim need not be
14 plausible nor stated with particularity." *Reyes*, 2020 WL 7224286, at *8 (citing *Dordoni*, 2020
15 WL 6082132, at *5). This is "not the same as the standard in either a motion to dismiss or a
16 motion for summary judgment." *Sabag v. FCA US, LLC*, No. 2:16-cv-06639-CAS-RAO, 2016
17 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016).

18         Plaintiff's three additional causes of action alleged in her proposed FAC are claims for
19 sex, gender, and/or pregnancy harassment, associational disability discrimination, and retaliation.
20 (Doc. No. 7-1 at 12–17.) Defendant Darling argues plaintiff has failed to state facts sufficient to
21 support each of those new claims. (Doc. No. 11 at 12–17.)

22         Individuals are not liable for retaliation pursuant to § 12940(h) or discrimination pursuant
23 to § 12940(a). *Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1173 (2008) ("[T]he
24 employer is liable for retaliation under section 12940, subdivision (h), but nonemployer
25 individuals are not personally liable for their role in that retaliation."); *Reno v. Baird*, 18 Cal. 4th
26 640, 663 (1998) ("[I]ndividuals who do not themselves qualify as employers may not be sued
27 under the FEHA for alleged discriminatory acts."). Therefore, Mr. Van Dewark, as an individual,
28 is not liable as to plaintiff's added claims of discrimination or retaliation.

11

Regarding the harassment claim, defendant Darling argues that the inquiry into the length of plaintiff's leave was a personnel action not actionable as harassment. (Doc. No. 11 at 14.) Defendant Darling also argues that plaintiff cannot state a claim for harassment because the two new alleged statements attributed to Mr. Van Dewark do not rise to the level of actionable harassment. (Doc. No. 11 at 13.)

Individuals may be liable for harassment under FEHA. *Reno*, 18 Cal. 4th at 659–60 ("Some of the FEHA provisions, such as those involving harassment, do, indeed, apply to individual persons as well as employers. . . ."); *see also Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 991 (E.D. Cal. 2016) ("Individual employees such as Campo are liable for their workplace harassment, per FEHA § 12940(j)(3).").

> Courts have employed the concept of delegable authority as a test to distinguish conduct actionable as discrimination from conduct actionable as harassment. We adopt this approach to find that the exercise of personnel management authority properly delegated by an employer to a supervisory employee might result in discrimination, but not in harassment.

*Reno*, 18 Cal. 4th at 646. "[H]arassment is generally concerned with the *message* conveyed to an employee, and therefore with the social environment of the workplace, whereas discrimination is concerned with explicit changes in the terms or conditions of employment." *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 708 (2009), *as modified* (Feb. 10, 2010). However, official employment actions that would otherwise be associated with a discrimination claim may be evidence of harassment when the "hostile message that constitutes harassment is conveyed through official employment actions." *Id.* Therefore, it is possible for plaintiff to allege a FEHA harassment claim against Mr. Van Dewark, and a personnel management action may support that claim. *See McCleney v. Wyndham Vacation Ownership, Inc.*, No. 2:22-cv-01927-FLA-SK, 2023 WL 4745741, at 7 (C.D. Cal. July 25, 2023) (noting that the plaintiff could assert a claim of harassment under FEHA against a non-diverse defendant supervisor).

Pursuant to the FEHA, "'harassment' because of sex includes sexual harassment, gender harassment, and harassment based on pregnancy, childbirth, or related medical conditions." *Miller v. Dep't of Corr.*, 36 Cal. 4th 446, 461 (2005) (citing Cal. Gov't Code §§ 12940(j)(1);

12

12940(j)(4)(C)).  "Under FEHA, actionable harassment occurs when severe or pervasive conduct based on an employee's protected status creates an abusive work environment." *Rico v. Jones Lang LaSalle Americas, Inc.*, No. 14-cv-01322-GHK-JEM, 2014 WL 1512190, at *3 (C.D. Cal. Apr. 16, 2014) (citing *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 279 (2006)).

> "[T]he objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering 'all the circumstances.' [Citation.] . . . [T]hat inquiry requires careful consideration of the social context in which particular behavior occurs and is experienced by its target . . . The real social impact of workplace behavior often depends on a constellation of surrounding circumstances, expectations, and relationships which are not fully captured by a simple recitation of the words used or the physical acts performed . . ." (citations omitted).

*Miller*, 36 Cal. 4th at 462 (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81–82 (1998)).

Here, plaintiff has alleged in her proposed FAC that Mr. Van Dewark inquired into her maternity leave and time spent with her disabled daughter in a negative manner at least twice, once on his own, and once through Ms. Pena. (Doc. No. 7-1 at 9–10.) Plaintiff has also alleged that her leave began earlier than planned because her carpal tunnel symptoms worsened, which defendant Darling and its management were aware of but nonetheless failed to engage in the interactive process to accommodate plaintiff. (*Id.* at 9.) Finally, plaintiff alleges that Mr. Van Dewark was on the phone call when plaintiff was informed that she was being terminated, while on maternity leave, and, on information and belief, that no other employee was terminated at that time. (*Id.* at 10.) As discussed above, defendant argues these facts do not support a valid claim of harassment. (Doc. No. 11 at 12–15.) However, these facts are sufficient to meet the low standard applicable to determining whether the claims brought against the new defendant appear valid and meritorious for purposes of joinder. *See McCleney*, 2023 WL 4745741, at *7 (finding that the non-diverse defendant supervisor's conduct was sufficiently severe to create a hostile work environment where "the Proposed FAC allege[d] Plaintiff was demoted, denied reasonable accommodations, and eventually terminated after she was diagnosed with cancer and went on medical leave."); *Dordoni*, 2020 WL 6082132, at *5 ("To state a facially viable claim for

purposes of joinder under section 1447(e), a plaintiff need not allege a claim with particularity or even plausibility. Instead, 'under [§] 1447(e), the Court need only determine whether the claim "seems" valid.'") (quoting *Freeman v. Cardinal Health Pharmacy Servs., LLC*, 2:14-cv-01994-JAM-KJN, 2015 WL 2006183, at *3 (E.D. Cal. May 1, 2015).

Despite the limited factual allegations advanced in support of plaintiff's claim for harassment against Mr. Van Dewark, the court is unable to conclude that this new harassment claim is facially invalid for the purposes of joinder. *See Reyes*, 2020 WL 7224286, at *9 (citing *Millican v. Ford Motor Co.*, No. 19-cv-05348-WHA, 2019 WL 7020214, at *2 (N.D. Cal. Dec. 20, 2019) (finding that even though the plaintiffs' claim "may be threadbare . . . the question is not whether plaintiffs will prevail on the merits, or even withstand a Rule 12(b)(6) motion — the question is whether California law obviously forecloses plaintiffs' claim")). This factor, therefore, weighs in favor of joinder.

6.   Prejudice to Plaintiff

Finally, the last factor courts consider in determining whether to permit joinder of a non-diverse party after removal is whether plaintiff will "suffer undue prejudice if the Court chooses not to exercise its discretion to allow joinder." *Boon*, 229 F. Supp. 2d at 1025 (finding that this factor weighed against permitting such joinder where the plaintiff alleged a different type of claim, requiring mostly different evidence, against the joined defendant than the original defendant so that maintaining a state action would not unreasonably burden judicial economy). In this context, prejudice to a plaintiff "exists if the proposed defendant is 'crucial' to the case" and "does not exist if complete relief can be afforded without that defendant." *McCarty v. Johnson & Johnson*, No. 1:10-cv-00350, 2010 WL 2629913, at *9 (E.D. Cal. June 29, 2010).

As discussed above, there is a possibility that plaintiff may not be afforded complete relief without Mr. Van Dewark as a defendant in this action because she has sought the award of punitive damages against him. (Doc. No. 7-1 at 24.) Further, plaintiff's proposed claims against Mr. Van Dewark arose out of the same set of circumstances as her claims asserted against defendant Darling. (Doc. No. 7-1 at 9–10.) If the court were to deny joinder, plaintiff would be forced to proceed with separate litigation in state court. *Reyes v. FCA US LLC*, No. 1:20-cv-

00833-DAD-SKO, 2020 WL 7224286, at *10 (E.D. Cal. Dec. 8, 2020) ("It is in the economic benefit of all parties and the judicial system to have the controversy adjudicated only once and to force the plaintiffs to proceed with expensive litigation in state court against the putative defendant would create avoidable prejudice." (internal quotations and citations omitted)). Additionally, the court notes that at the time plaintiff filed her motion to amend, the parties had not propounded discovery or noticed any depositions in this case.  (Doc. No. 7-1 at 3.)  This factor also weighs in favor of joinder.[2]

In considering all six § 1447(e) factors, the court finds that this case presents a somewhat close call as to whether joinder should be permitted, with three factors pointing towards permitting joinder but to varying degrees, two factors weighing neutrally, and one factor pointing against permitting joinder.  There is little guidance from the Ninth Circuit as to how a court should weigh these factors against each other and, as a result, some courts assign each factor equal weight, and some do not.  *See McNamara v. Wells Fargo Bank, N.A.*, No. 18-cv-07962-MWF-AGR, 2018 WL 6435323, at *5 (C.D. Cal. Dec. 7, 2018) (permitting joinder where the majority, or four of the six factors, weighed in favor of doing so); *Righetti v. Shell Oil Co.*, 711 F. Supp. 531 (N.D. Cal. 1989) (determining that giving weight only to the timing, validity of claims,

---

[2] Defendant Darling argues Mr. Van Dewark will be prejudiced if the court allows joinder. (Doc. No. 11 at 18.)  While the § 1447(e) factors do not require the court to consider prejudice to the opposing party, the court may consider it pursuant to Rule 15(a).  "'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002).  "[T]he Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Id.* (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).  "Prejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17-cv-0040-BAM, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018) (citing *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 1987)).  Here, defendants will not experience undue prejudice because this case is still in the early stages of litigation and plaintiff's amendments do not significantly alter the nature of the litigation as they arise out of the same operative facts, and the added claims are brought pursuant to FEHA, as were most of plaintiff's original claims. (Doc. Nos. 1-2 at ¶¶ 16–93; 7-1 at 12–14, 17.)  *See Jones v. Schneider Nat'l Carriers, Inc.*, No. 12-cv-01421-JGB-OP, 2013 WL 12439019, at *4 (C.D. Cal. Jan. 28, 2013) (finding there was not undue prejudice to the defendant where the evidence supporting the original claims and the new claims was similar).

1  and prejudice factors in analyzing joinder under § 1447(e) was appropriate); *see also Jackson v.*
2  *Dollar Tree Distribution, Inc.*, No. 18-cv-02302-PSG-SK, 2018 WL 2355983, at *7 (C.D. Cal.
3  May 23, 2018) (finding that the two factors regarding plaintiff's lack of delay and assertion of one
4  "potentially valid" claim against the joined defendant outweighed the other four factors).  In the
5  absence of a clearly applicable standard, the court will consider each factor to have approximately
6  equal weight and concludes that on the whole they suggest permitting joinder in this case,
7  although not overwhelmingly so.
8        Plaintiff's joinder of Mr. Van Dewark is therefore proper and the court will exercise its
9  discretion to permit amendment of the complaint and joinder in this action.  By granting
10 plaintiff's motion to amend her complaint, complete diversity of citizenship no longer exists.

11 **B.    Motion to Remand**

12       Defendants removed this action to this federal court alleging diversity of citizenship.
13 (Doc. No. 1 at 2.)  Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of
14 diversity of citizenship if the matter is between citizens of different states and the amount in
15 controversy exceeds $75,000.  Plaintiff states in her motion to remand that Mr. Van Dewark is a
16 California resident.  (Doc. No. 7 at 2–3.)   Defendant Darling does not dispute that Mr. Van
17 Dewark would be a non-diverse individual.  (Doc. No. 11 at 7.)  Rather, defendant Darling argues
18 that the court should decline to remand this action to state court because the proposed FAC does
19 not properly name Mr. Van Dewark as a defendant, and Local Rule 137(c) requires filing the
20 proposed FAC as an exhibit.  (Doc. No. 11 at 20–21.)  While plaintiff has not named Mr. Van
21 Dewark in the caption, the "Parties" section, or any of her causes of action of her proposed FAC,
22 it is clear from her motion to amend that she intends to name him as a defendant.  (Doc. Nos. 7 at
23 6–7; 7-1.)  Denial of a motion for failure to comply with the local rules is within the court's
24 discretion, but the court declines to exercise such discretion in this case.  *See Maharaj v. Dairy*
25 *Farmers of Am., Inc.*, No. 1:17-cv-01478-DAD-SKO, 2018 WL 550688, at *5 n.3 (E.D. Cal. Jan.
26 25, 2018) ("The court is unpersuaded either that plaintiff failed to meet and confer prior to filing
27 this motion or that the court should exercise its discretion to deny this motion on that basis.");
28 *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has

considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). Instead, the court will assume that plaintiff will file a FAC properly naming Mr. Van Dewark as a defendant if granted leave to amend. Once a proper FAC naming Mr. Van Dewark as a defendant is filed, the court will grant plaintiff's motion to remand this action due to a lack of subject matter jurisdiction since complete diversity of citizenship will have been destroyed by Mr. Van Dewark's joinder.

C.     **Motion to Compel Arbitration**

Defendant moved to compel arbitration because it argues this case is covered by an arbitration agreement signed by plaintiff. (Doc. No. 6-1 at 3.) Plaintiff opposed this motion on various grounds. (Doc. No. 9.) Because the court is granting plaintiff's motion to amend the complaint, the court will lack subject matter jurisdiction once plaintiff files her FAC. Therefore, the court declines to resolve this dispute as it will soon lack subject matter jurisdiction. *See Cook v. USAA Gen. Indem. Co.*, No. 23-cv-01049-RS, 2023 WL 4183479, at *3 (N.D. Cal. June 23, 2023) (denying defendant's motion to compel arbitration after granting plaintiff's motion to amend and remand the case because it lacked jurisdiction). Upon the filing of plaintiff's FAC, the court will deny defendant Darling's motion to compel arbitration as having been rendered moot.

**CONCLUSION**

For the reasons set forth above:

1. Plaintiff's motion for leave to amend her complaint (Doc. No. 7) is GRANTED; and

2. Plaintiff is ORDERED to file her FAC properly naming Mr. Van Dewark as a defendant within fourteen days of this order.

IT IS SO ORDERED.

Dated:  **December 31, 2025**          *Dale A. Drozd*
                                       DALE A. DROZD
                                       UNITED STATES DISTRICT JUDGE

17